### MOODY v. LEE et al.  (No. 2847.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 10, 1924.)

**I. Mortgages ⬅➡38(1)—Evidence held to show that deeds were intended as mortgages.**

In a suit to cancel deeds on the ground that they were intended merely as mortgages, evidence *held* to sustain a judgment for plaintiffs.

**2. Appeal and error ⬅➡994(2)—Where proper decision of case depends upon credibility of witnesses, judgment will be affirmed.**

Where the proper decision of a case depends upon the credibility of the witnesses, which is a matter for the jury, the judgment will be affirmed.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Suit by Masie Lee and husband against N. B. Moody. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. R. Stephens, of Gilmer, for appellant.

Florence, Florence & McClelland, of Gilmer, for appellees.

HODGES, J. This suit was filed by J. C. Lee and wife to cancel two deeds purporting to convey a tract of land to the appellant Moody. It is alleged that the land was the family homestead and the separate property of Mrs. Lee; that in March, 1921, and again in July, 1921, deeds were executed, absolute and fee simple in form, purporting to convey the land to the appellant, but, they say, those conveyances were intended by all the parties merely as mortgages to secure the payment of a debt due to the appellant from J. C. Lee.

---

(257 S.W.)

It is further alleged that the lien created was void because the incumbered land was the homestead. Appellant denied that the conveyances were intended as mortgages. He asserts, on the contrary, that at the time stated in the first deed he purchased the land, paid a part of the consideration in cash as is recited in the deed, and gave his note for the remainder; that the second deed was executed merely to correct some inaccurate terms in the first instrument. He further alleges that the Lees are in possession of the land, and prays for judgment for both title and possession.

In a general charge the court submitted the issue of fact to the jury, and a verdict was rendered in favor of the appellees. In this appeal it is insisted that the verdict is unsupported by the evidence.

[1] It is undisputed that the land was the homestead of the Lee family, and was the separate property of Mrs. Lee. She and her husband testified that they never intended to sell the land, and made no agreement to sell it to the appellant. They say that Lee owed Moody for an automobile, and borrowed $250 in cash from him, and that this conveyance was made at Moody's instance to secure those debts. They also testified that Moody agreed to reconvey the land to them later. Moody, on the contrary, testified that he purchased the land for a stated consideration; that a part of it was paid by a check for $250, and the remainder of the cash payment consisted of the automobile debt, which was evidenced by a note surrendered to the Lees at the time the conveyance was taken.

[2] There were circumstances which tended strongly to corroborate Moody's version of the transaction. There were also other circumstances which tended to support the testimony of Lee and his wife. The proper decision of the case depended upon the credibility of the witnesses; that was a matter for the jury.

The judgment will therefore be affirmed.